# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FONTAINE TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARK THOMAS, ) <br> ) <br> Defendant. ) | No. 2:12-2309-JPM-cgc |

## ORDER ON PLAINTIFF'S EVIDENTIARY OBJECTIONS

Before the Court is Plaintiff Fontaine Taylor's ("Plaintiff" or "Taylor") evidentiary objections pursuant to LR 56.1(e) contained in her Reply in support of her Motion for Summary Judgment, filed May 17, 2013. (See ECF No. 175 at 11.) Defendant Mark Thomas ("Defendant" or "Thomas") replied in opposition on June 7, 2013 (ECF No. 183). For the following reasons, the Court SUSTAINS IN PART and OVERRULES IN PART, Plaintiff's objections.

I.  **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, a party may object to materials "cited to support or dispute a fact [that] cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Further, under Local Rule 56.1(e), evidentiary objections must "identify the Rule of Evidence or other authority that establishes

inadmissibility of the proffered evidence." LR 56.1(e).  An objection pursuant to Rule 56 "functions much as an objection at trial, adjusted for the pretrial setting."  Fed. R. Civ. P. 56(c)(2) 2010 advisory committee notes.  Accordingly, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  Id.

**II. ANALYSIS**

Plaintiff raises three evidentiary objections to materials submitted by Defendant in his Response to Plaintiff's Motion for Summary Judgment.  First, Plaintiff argues that the Court should not consider the affidavits of Tim Briggs, Chet Whitsitt, Pam Spillers, Jeff Hamm, Teresa Wherry, Dawn Sorin, and Matt Griffin because these witnesses were not disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i).  (ECF No. 175 at 11-13.)  Second, Plaintiff argues that the Court should disregard the affidavit testimony of Thomas and Mike Hewgley regarding when Thomas first contacted Hewgley for advice because the affidavits contradict the previous deposition testimony of Thomas and Hewgley.  (Id. at 13-18.)  Third, Plaintiff argues that the Court should not consider Thomas' testimony regarding his business expenses because his estimated business expenses are speculative and thus do not satisfy the requirement that the affidavit be

made on personal knowledge. (Id. at 18-24.) Plaintiff's objections are considered in turn.

### A. Affidavits of Briggs, Whitsitt, Spillers, Ham, Wherry, Sorin, and Griffin.

Pursuant to Rule 26, parties must disclose "the name and, if known, the addresses and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i)). Rule 26 further requires parties to supplement or correct a disclosure or response "in a timely manner if [a] party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). A party "must supplement its disclosures when it determines that it may use a witness . . . that it did not intend to use." Fed. R. Civ. P. 56(a)(1) 2000 advisory committee notes. "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also

3

R.C. Olmstead, Inc. v. CU Interface, LLC, 606 F.3d 262, 271 (6th Cir. 2010) ("[Rule 37] mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." (internal quotation marks omitted)).  The burden is on the proponent of the evidence to demonstrate that the failure was substantially justified or harmless.  See Roberts ex rel. Johnson v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003).  While the district court has broad discretion to exclude untimely disclosed witnesses, Matilla v. S. Ky. Rural Elec. Coop. Corp., 240 F. App'x 35, 42 (6th Cir. 2007), exclusion of the evidence "is a drastic remedy and should be exercised with caution," EEOC v. Burlington N. & Santa Fe R.R., No. 07-2450 Ma/P, 2009 WL 1531019, at *2 (W.D. Tenn. May 26, 2009).

Plaintiff argues that the Court should not consider the affidavits of Briggs, Whitsitt, Spillers, Ham, Wherry, Sorin, and Griffin because the individuals were not disclosed by Defendant as potential witnesses in his initial disclosures and Defendant never supplemented his disclosures to include these individuals.  (ECF No. 175 at 11.)  Plaintiff alleges that she had no notice of these potential witnesses until Defendant filed their affidavits on May 8, 2013, and that the inclusion of these affidavits puts Plaintiff "at an unfair disadvantage" because she had no opportunity to engage in discovery related to these

individuals' testimony or to otherwise depose or cross-examine them.  (Id. at 12.)

Defendant argues that Plaintiff had notice of the affiants' identities and acknowledged in her initial disclosures "that they would have relevant information she should discover."  (ECF No. 183 at 1.)  In support, Defendant asserts that, in her Initial Disclosures, Plaintiff identified individuals who used Mark Thomas' residential real-estate services since March 2012 as "individuals likely to have discoverable information;" that, in her Amended Complaint, Plaintiff complained about two houses that Defendant had sold to some of the affiants; and that, during Thomas' Second Deposition, Thomas testified that the purchasers of the properties at issue were "'old,' established friends of his."  (Id. at 3-4.)  Accordingly, Defendant asserts that there is no "obligation to supplement if witness identity is made known through a deposition . . . since identification satisfies [Rule 26's] purpose."  (Id. at 1-2 (citing Fed. R. Civ. P. 26(e) 1993 advisory committee notes).)[1]

---

[1] Defendant cites the 1993 advisory committee notes for Rule 26(e) which states that "[t]here is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition."  Fed. R. Civ. P. 26(e) 1993 advisory committee notes.  This note, however, appears to contradict Federal Rule of Civil Procedure 37(c)(1) and the United States Court of Appeals for the Sixth Circuit's interpretation of Rule 37(c)(1). See R.C. Olmstead, 606 F.3d at 271 (stating that Rule 37(c)(1) requires strict compliance with Rule 26).

5

Defendant also argues that even if he did have an obligation to supplement his initial disclosures with the names of the affiants Briggs, Whitsitt, Spillers, Ham, Wherry, Sorin, and Griffin, exclusion of this evidence is disfavored and a less drastic remedy should be used. (Id. at 2 (citing Burlington N. & Santa Fe R.R., 2009 WL 1531019, at *2).) Finally, Defendant asserts that he twice offered to delay the Reply deadline so Plaintiff could depose the seven affiants, but that Plaintiff did not respond to these offers. (Id.)

The Court finds that Defendant has not carried his burden in demonstrating that his failure to supplement his initial disclosures was substantially justified or harmless. Defendant does not offer any justification for failing to disclose these witnesses at an earlier point. Additionally, Defendant has not provided any evidence suggesting that the failure to supplement his disclosures earlier was the result of an honest mistake. See Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 2003) ("The advisory committee's note to Rule 37(c) strongly suggests that harmless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." (internal quotation marks omitted)). Defendant has only disclosed these witnesses in his Response to Plaintiff's Motion for Summary Judgment filed May 8, 2013, approximately two-and-a-

half months before trial[2] (see ECF No. 139) and approximately two months after the discovery deadline (see ECF No. 137). Plaintiff's objection is, therefore, SUSTAINED.  Accordingly, the Court will exclude the affidavits of Briggs, Whitsitt, Spillers, Ham, Wherry, Sorin, and Griffin.

### B. Affidavits of Thomas and Hewgley

"[A] party may not create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony." Aerel, S.R.L. v. PCC Airfoils, L.L.C., 448 F.3d 899, 906 (6th Cir. 2006).  Accordingly, "[a] directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction." Manwaring v. Martinez, No. 12-3835, 2013 WL 2364142, at *8 (6th Cir. May 31, 2013) (internal quotation marks omitted).  If "there is no direct contradiction, the court must not disregard the affidavit, unless the court determines that the affidavit constitutes an attempt to create a sham fact issue." O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 593 (6th Cir. 2009) (internal quotation marks omitted).

Plaintiff argues that the Court should disregard the affidavits of Thomas and Hewgley regarding when Thomas first

---

[2] Trial was originally set for July 22, 2013.  (ECF No. 139.)  On June 25, 2013, the Court moved the trial date to September 23, 2013.  (ECF No. 186.)

7

contacted Hewgley for advice on the service mark at issue. (ECF No. 175 at 13.) Further, Plaintiff requests that the Court strike Hewgley's second affidavit and paragraph 9 of Thomas' third affidavit. (Id. at 17-18.) Plaintiff states that the affidavits of Hewgley and Thomas contradict previous deposition testimony as to the chronology of the conversation between the two regarding whether Thomas could use the service mark on a sign. (Id. at 13.) In support, Taylor compares Thomas' deposition testimony in which Thomas stated that he had discussed the use of the service mark with Hewgley at the "end of February [2012]" (id. at 13-14 (citing ECF No. 96-1 at 54:9-21)), to Thomas' Affidavit in which he states that he first spoke with Hewgley about the service mark in "late January or early February [2012]" (id. at 16 (citing ECF No. 165 at ¶¶ 9)); and Taylor compares Hewgley's deposition testimony that he spoke with Thomas after a closing (id. at 14 (citing ECF No. 145-1 at 15:4-16, 16:16-17:2)) that occurred in early 2012 (id. at 15 (citing ECF No. 145-1 at 25:22-26:13)), with Hewgley's Affidavit in which he states that he and Thomas first discussed the service mark in late "January or early February 2012" (id. at 16 (citing ECF No. 165 ¶¶ 2-3)). Plaintiff asserts that the closing that Hewgley referenced in his Deposition occurred on February 21, 2012. (Id. at 15 (citing ECF No. 146-1 at 152:19-20, 154:12-155:12; ECF No. 169 ¶ 35).)

8

Defendant argues that neither Hewgley nor Thomas testified that their first conversation occurred on or about February 21, 2012, or any other specific date and that their "2013 deposition recollection was general." (ECF No. 183 at 5.) Defendant asserts that Hewgley did not testify that his first meeting with Thomas occurred at a closing on February 21, 2012, and that Hewgley further stated that he could not specifically recall when the first conversation took place and estimated that the first meeting took place in "January or February." (Id. at 5-6.) Defendant also asserts that Thomas did not assert in his Deposition testimony that his first conversation with Hewgley was on February 21, 2012, only that he had spoken with Hewgley near the end of February. (Id. at 7.)

Having reviewed the cited portions of the depositions and the affidavits of Hewgley and Thomas, the Court finds that the affidavits do not directly contradict the previous deposition testimony of Hewgley and Thomas. Plaintiff's objection is, therefore, OVERRULED. Accordingly, the Court will consider the affidavits of Hewgley and Thomas.

**C.   Affidavit of Thomas**

Pursuant to Rule 56(c)(4), "[a]n affidavit . . . used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to

testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A party's belief is insufficient to meet the evidentiary standard set forth in Rule 56(c)(4). See Mourad v. Homeward Residential, Inc., No. 12-1880, 2013 WL 870205, at *6 (6th Cir. Mar. 8, 2013). Additionally, "[a]ffidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded." R.K. ex rel. J.K. v. Bd. of Educ. of Scott Cnty., Ky., 494 F. App'x 589, 596 (6th Cir. 2012) (internal quotation marks omitted).

Plaintiff argues that the Court should disregard the affidavit of Thomas regarding his business expenses because it is not based on Thomas' personal knowledge. (ECF No. 175 at 18, 23.) Moreover, Plaintiff asserts that Thomas lacks the qualifications to testify as to his opinion of his deductible expenses under Federal Rule of Evidence 702. (Id.) Finally, Plaintiff asserts that she requested all documents showing the expenses that Thomas incurred from his sales from January 1, 2012, and that Thomas did not produce any of the documents prior to his deposition, instead testifying as to what he thought the expenses were. (Id. at 23-24.) Plaintiff argues that "[i]t is contrary to the basic rules of discovery to allow [] Thomas to refuse to produce documents . . . and then testify about what he thinks the documents may show." (Id. at 24.)

Defendant argues that his estimate of his expenses comes

from his personal knowledge of what the expenses for the three properties at issue were. (ECF No. 183 at 8.) Defendant states that he was extensively questioned in his deposition on his expenses and explained that documentation of the expenses was not yet available. (Id. at 7-8.) Defendant asks the Court to consider his testimony regarding his estimated expenses and to "afford it whatever worth it may have." (Id. at 8.)

Having reviewed the relevant part of Defendant's deposition (see ECF No. 146-1 at 242-52), the Court finds that Thomas' estimates are not based on his personal knowledge of the individualized expenses for each of the three properties. While Thomas asserts that his estimates are based on his experience as a real-estate agent, he does not articulate how he was able to estimate the expenses or on what grounds he based his estimates for each of the properties at issue. Plaintiff's objection is, therefore, SUSTAINED. Accordingly, the Court will not consider Thomas' affidavit regarding his estimated business expenses.

## III. CONCLUSION

For the foregoing reasons, the Court SUSTAINS IN PART and OVERRULES IN PART, Plaintiff's objections.

**SO ORDERED** this 9th day of August, 2013.

s/ Jon P. McCalla
JON P. McCALLA
CHIEF JUDGE, U.S. DISTRICT COURT